**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------------x
LUIS ANGEL LOPEZ,

        Plaintiff,

  -against-

KATELYN FOOD CENTER INC. d/b/a KATELYN FOOD
CENTER, & DELI a/k/a CASTILLO GROCERY; and
CARLOS CASTILLO, and ANDRES CASTILLO,
Individually,

        Defendants.
---------------------------------------------------------------------------x

Case No. 16-9836

**VERIFIED COMPLAINT**

**JURY DEMANDED**

Plaintiff, by and through his undersigned counsel, Mark L. Lubelsky & Associates, as and for a Verified Complaint, respectfully set forth the following:

## NATURE OF THE ACTION

1. This is an action brought by Plaintiff LUIS ANGEL LOPEZ (hereinafter "Plaintiff Lopez") against Defendants KATELYN FOOD CENTER INC. d/b/a KATELYN FOOD CENTER, & DELI a/k/a CASTILLO GROCERY (hereinafter "Defendant Katelyn Food Center"); and CARLOS CASTILLO, and ANDRES CASTILLO, Individually (together with Carlos Castillo the "Defendants Castillo" and collectively with Defendant Katelyn Food Center, the "Defendants") for unlawful employment practices including but not limited to violation of federal and state wage-and-hour laws, and state unlawful termination laws.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant 28 U.S.C. 1331, 1337, 1343 and 29 U.S.C. 2101 et. seq. This Court has supplemental jurisdiction over the causes of action under New York Labor Law 191 et seq., pursuant to 28 U.S.C. 1367 and Fed. R. Civ. P. 23.

3.      As the Defendant KATELYN FOOD CENTER INC. d/b/a KATELYN FOOD CENTER (hereinafter "Defendant Katelyn Food Center") is located in Bronx County at 206 East 165th Street, Bronx, NY 10456, venue is proper pursuant to 28 U.S.C. 1391.

## PARTIES

4.      Plaintiff Lopez was at all material times an adult individual residing in the United States of America, State of New York, County of the Bronx.

5.      Plaintiff Lopez was born on May 13, 1950.

6.      Upon information and belief, Defendant Katelyn Food Center is a domestic business corporation doing business and/or with a principal place of business within the State of New York.

7.      Upon information and belief, Defendant Katelyn Food Center was and still is a foreign business corporation.

8.      Upon information and belief, that at all times hereinafter mentioned, Defendant Katelyn Food Center was and still is a foreign business corporation conducting, transacting and/or doing business in the State of New York.

9.      Defendant Katelyn Food Center was an employer as defined in the Fair Labor Standards Act ("FLSA") at all material times herein.

10.     Upon information and belief, Defendant Carlos Castillo is a resident of the State of New York.

11.     Upon information and belief, Defendant Carlos Castillo owned Defendant Katelyn Food Center at all material times herein.

12.     Defendant Carlos Castillo was an employer as defined in the FLSA at all material times herein.

13. Defendant Carlos Castillo was a supervisory employee of Defendant Katelyn Food Center at all material times herein.

14. Upon information and belief, Defendant Andres Castillo is a resident of the State of New York.

15. Upon information and belief, Defendant Andres Castillo owned Defendant Katelyn Food Center at all material times herein.

16. Defendant Andres Castillo was an employer as defined in the FLSA at all material times herein.

17. Defendant Andres Castillo was a supervisory employee of Defendant Katelyn Food Center at all material times herein.

## FACTUAL ALLEGATIONS

18. Defendant Katelyn Food Center hired Plaintiff Lopez in or about May 2003.

19. Defendant Katelyn Food Center terminated Plaintiff Lopez's employment on or about October 11, 2016.

20. From in or about May 2003 to October 11, 2016, Defendant Katelyn Food Center employed Plaintiff Lopez within the meaning of New York Labor Law.

21. From in or about May 2003 to October 11, 2016, Defendant Katelyn Food Center employed Plaintiff Lopez within the meaning of the FLSA.

22. From in or about May 2003 to October 11, 2016, Defendant Carlos Castillo employed Plaintiff Lopez within the meaning of the FLSA.

23. Defendant Carlos Castillo possessed control over the operations of Defendant Katelyn Food Centers and directly affected the nature and conditions of Plaintiff Lopez's employment at all material times.

24. From in or about May 2003 to October 11, 2016, Defendant Andres Castillo employed Plaintiff Lopez within the meaning of the FLSA.

25. Defendant Andres Castillo possessed control over the operations of Defendant Katelyn Food Centers and directly affected the nature and conditions of Plaintiff Lopez's employment at all material times.

26. Upon information and belief, in performing his duties for the Defendants, Plaintiff Lopez was engaged in commerce within the meaning of the FLSA.

27. Upon information and belief, in performing his duties for the Defendants, Plaintiff Lopez used goods and products that had been moved or produced in interstate commerce.

28. Upon information and belief, in performing his duties for the Defendants, Plaintiff Lopez provided services to customers who reside in states other than New York.

29. Upon information and belief, in performing his duties for the Defendants, Plaintiff Lopez provided customers services paid for by private persons and/or entities from outside the State of New York.

30. Upon information and belief, in performing his duties for the Defendants, the Defendants have been an enterprise engaged in commerce or in the production of goods.

31. Upon information and belief, the Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

32. Upon information and belief, defendants have used goods and products that have been moved or produced in interstate commerce.

33. Upon information and belief, the Defendants have provided services to customers who reside in states other than New York.

34. Upon information and belief, the Defendants have received payment for their services from private persons and/or entities from outside the State of New York.

35. Upon information and belief, the Defendants have received payment for their services from public entities and/or from outside the State of New York.

36. Throughout Plaintiff Lopez's employment with the Defendants, Plaintiff Lopez was responsible for stocking goods as a floor clerk for the Defendants' customers for all thirteen years of his employment with the Defendants.

37. Throughout Plaintiff Lopez's employment with the Defendants, he was a full-time employee.

38. From on or about May 2003 until Plaintiff Lopez was wrongfully terminated by the Defendants on October 11, 2016, the Defendants scheduled Plaintiff Lopez to work more than forty hours per week.

39. From on or about May 2003 until Plaintiff Lopez was wrongfully terminated by the Defendants on October 11, 2016, Plaintiff Lopez worked ten (10) hours a day, from 2 p.m. until 12 a.m. four days per week and from 2 p.m. until 12:30 a.m. two days per week.

40. From on or about May 2003 until Plaintiff Lopez was wrongfully terminated by the Defendants on October 11, 2016, Plaintiff Lopez was paid $375.00 per week by the Defendants.

41. From on or about May 2003 until Plaintiff Lopez was wrongfully terminated by the Defendants on October 11, 2016, the Defendants paid Plaintiff Lopez in cash on a weekly basis.

42. From on or about May 2003 until Plaintiff Lopez was wrongfully terminated by the Defendants on October 11, 2016, Defendants Castillo made comments to Plaintiff Lopez such as "you've run your race" which, upon information and belief, meant that defendants found Plaintiff to be too old for employment.

43. Defendant Carlos Castillo aided and abetted in the decision to terminate Plaintiff Lopez.

44. Defendant Andres Castillo aided and abetted in the decision to terminate Plaintiff Lopez.

45. On or about October 11, 2016, the Defendants told Plaintiff Lopez to return home and not to return to work.

46. Defendant Carlos Castillo terminated Plaintiff Lopez.

47. Defendant Andres Castillo terminated Plaintiff Lopez

48. On October 11, 2016, Plaintiff Lopez was sixty-six (66) years old.

49. Upon information and belief, Plaintiff Lopez was replaced by a younger male between the ages of thirty (30) and forty (40) years old.

## **FIRST CAUSE OF ACTION UNDER THE FAIR LABOR STANDARDS ACT**

50. Plaintiff repeats and incorporates each and every preceding paragraph contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

51. Plaintiff repeats and realleges each and every allegation contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

52. At all relevant and material times herein, the Defendants had a policy and practice of refusal to pay wages for all hours worked, refusal to pay Plaintiff Lopez overtime premium compensation for hours worked in excess of 40 hours per week, and refusal to pay spread-of-hours premium compensation.

53. Under the FLSA, Plaintiff Lopez was entitled to statutory minimum wage compensation for all hours he worked.

54. Under the FLSA, Plaintiff Lopez was entitled to overtime premium compensation from the Defendants of one and one-half times their regular rate of pay for hours he worked beyond 40 hours per week.

55. By the above conduct, the Defendants have violated the FLSA and, upon information and belief, the Defendants have willfully violated the FLSA.

56. Upon information and belief, the Defendants' practice of not compensating Plaintiff Lopez for all hours worked and one and one-half times the regular rate of pay for hours he worked beyond forty hours per week was not approved of or based on any review of any policy or publication of the United States Department of Labor or the New York Department of Labor.

57. Upon information and belief, the Defendants' practice of not compensating Plaintiff Lopez for all hours worked and one and one-half times the regular rate of pay for hours he worked beyond forty hours per week was not based on any advice of counsel received by the Defendants.

58. Upon information and belief, the Defendants failed to make, keep, record and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment.

59. Upon information and belief, the Defendants failed to inform Plaintiff Lopez of his rights under the FLSA and Plaintiff Lopez was never informed of his rights under the FLSA.

60. Due to the Defendants' FLSA violations, Plaintiff Lopez is entitled to recover from the Defendants the statutory minimum rate of pay for all hours worked, overtime premium compensation for all hours worked in excess of 40 hours per week, liquidated damages, interest, costs of this action and reasonable attorneys' fees, and all other damages provided for pursuant to the FLSA.

## SECOND CAUSE OF ACTION UNDER NEW YORK LABOR LAW

61.     Plaintiff repeats and incorporates each and every preceding paragraph contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

62.     Plaintiff repeats and realleges each and every allegation contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

63.     The defendants willfully violated Plaintiff Lopez's rights by their: failure to pay him compensation for all hours worked; failure to pay overtime premium compensation for all hours worked in excess of 40 hours per week; and failure to pay spread-of-hours premium wages.

64.     Upon information and belief, the Defendants failed to inform Plaintiff Lopez of his rights under New York Labor Law and Plaintiff Lopez was never informed of his rights under New York Labor Law.

65.     Due to the Defendants' New York Labor Law violations, Plaintiff Lopez is entitled to recover from the Defendants the statutory minimum rate of pay for all hours worked, overtime premium compensation for all hours worked in excess of 40 hours per week, spread-of-hours premium compensation, liquidated damages, interest, costs of this action, reasonable attorneys' fees, and all other damages provided for pursuant to New York Labor Law.

## THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW

66.     Plaintiff repeats and incorporates each and every preceding paragraph contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

67.     Plaintiff repeats and realleges each and every allegation contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

68. Defendant Katelyn Food Centers engaged in an unlawful discriminatory practice by discriminating against Plaintiff Lopez in the terms, conditions and privileges of his employment because of his age, in violation of New York State Executive Law 291 and 296, et seq.

69. Defendant Katelyn Food Centers acted with specific intent and/or malice and/or reckless and/or callous disregard of Plaintiff Lopez's civil rights and Defendant Katelyn Food Centers' civil obligation.

70. Defendant Katelyn Food Centers acted with a criminal like indifference to Plaintiff Lopez's civil rights and to Defendant Katelyn Food Centers' civil obligations.

71. Defendant Carlos Castillo aided and abetted the discrimination against Plaintiff Lopez with regard to the terms and conditions of his employment on the basis of his age.

72. Defendant Andres Castillo aided and abetted the discrimination against Plaintiff Lopez with regard to the terms and conditions of his employment on the basis of his age.

73. Pursuant to the aforementioned, Plaintiff Lopez demands a monetary award of the following:

   a. A monetary award of damages to Plaintiff Lopez for all lost wages and benefits resulting from Defendant Katelyn Food Centers' unlawful employment practice and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

   b. A monetary award of future income to Plaintiff Lopez in an amount to be proven representing all loss of future earnings, including reasonable and expected increases, bonuses, loss of retirement income and all other benefits Plaintiff Lopez would have been

expected to earn during Plaintiff Lopez's entire lifetime had it not been for Defendants' unlawful employment practice;

  c. A monetary award to Plaintiff Lopez for compensatory damages for mental, emotional and physical injury, medical expenses, distress, pain, suffering and injury to Plaintiff Lopez's reputation in an amount to be proven;

  d. A monetary award to Plaintiff Lopez for punitive damages;

  e. An award to Plaintiff Lopez for attorneys' fees, costs and expenses incurred in the prosecution of this action;

  f. A monetary award to Plaintiff Lopez for such other and further relief as the Court may deem equitable, just and proper to remedy defendants' unlawful employment practices.

74. That as a result of the foregoing damages Plaintiff Lopez should be awarded a monetary sum in the amount to be determined at trial.

## FOURTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER NEW YORK CITY LAW

75. Plaintiff repeats and incorporates each and every preceding paragraph contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

76. Plaintiff repeats and realleges each and every allegation contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

77. Defendant Katelyn Food Centers engaged in an unlawful discriminatory practice by discriminating against Plaintiff Lopez in the terms, conditions and privileges of his employment because of age in violation of New York State Administrative Code 8-107.

78. Defendant Katelyn Food Centers acted with specific intent and/or malice and/or reckless and/or callous disregard of Plaintiff Lopez's civil rights and Defendant Katelyn Food Centers' civil obligation.

79. Defendant Katelyn Food Centers acted with a criminal like indifference to Plaintiff Lopez's civil rights and to Defendants' civil obligations.

80. Defendant Carlos Castillo aided and abetted the discrimination against Plaintiff Lopez with regard to the terms and conditions of his employment on the basis of his age.

81. Defendant Andres Castillo aided and abetted the discrimination against Plaintiff Lopez with regard to the terms and conditions of his employment on the basis of his age.

82. Pursuant to the aforementioned, Plaintiff Lopez demands a monetary award of the following:

   a. A monetary award of damages to Plaintiff Lopez, for all lost wages and benefits resulting from Defendants' unlawful employment practice and to otherwise make Plaintiff Lopez whole for any losses suffered as a result of such unlawful employment practice;

   b. A monetary award of future income to Plaintiff Lopez in an amount to be proven representing all loss of future earnings, including reasonable and expected increases, bonuses, loss of retirement income and all other benefits Plaintiff Lopez would have been expected to earn during Plaintiff Lopez's entire lifetime had it not been for Defendants' unlawful employment practice;

   c. A monetary award to Plaintiff Lopez for compensatory damages for mental, emotional and physical injury, medical expenses, distress, pain, suffering and injury to Plaintiff Lopez's reputation in an amount to be proven;

    d.    A monetary award to Plaintiff Lopez for punitive damages;

    e.    An award to Plaintiff Lopez for attorneys' fees, costs and expenses incurred in the prosecution of this action; and

    f.    A monetary award to Plaintiff Lopez for such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

83.    That as a result of the foregoing damages Plaintiff Lopez should be awarded a monetary sum in the amount to be determined at trial.

## PRAYER FOR RELIEF

84.    Plaintiff respectfully requests that this Court grant the following relief:

    a)    An award of unpaid wages, wages for all hours worked, overtime premium compensation and spread-of-hours compensation due under the FLSA and New York Labor Law.

    b)    An award of monetary damages for all lost wages and benefits.

    c)    An award of monetary damages in an amount to be proven representing all loss of future earnings, including reasonable and expected increases, bonuses, loss of retirement income and all other benefits.

    d)    An award in monetary damages for compensatory damages for mental, emotional and physical injury, medical expenses, distress, pain, suffering and injury in an amount to be proven.

    e)    An award of liquidated and/or punitive damages.

    f)    An award of damages arising out of non-payment of wages,

    g)    An award of pre-judgment and post-judgment interest,

h)       An award of the costs and expenses of this action together with reasonable attorneys' fees,

i)       Such other and further relief deemed just and proper.

## DEMAND FOR TRIAL BY JURY

85.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the Complaint.

Dated: December 21, 2016                       MARK L. LUBELSKY AND ASSOCIATES
       New York, New York

                                                   /s/ Mark L. Lubelsky
                                               Mark L. Lubelsky, Esq.
                                               Josef K. Mensah, Esq.
                                               Attorneys for Plaintiff Luis Angel Lopez
                                               123 West 18th Street, 8th Floor
                                               New York, NY 10011
                                               (212) 242-7480

ATTORNEY'S VERIFICATION

MARK L. LUBELSKY, an attorney duly admitted to practice in the Courts of the State of New York, hereby affirms truth of the following under the penalties of perjury:

I am a member of the firm of MARK L. LUBELSKY AND ASSOCIATES, attorneys for Plaintiff LUIS ANGEL LOPEZ in the within action, and as such, I am fully familiar with all the facts and circumstances herein.

I have read the foregoing VERIFIED COMPLAINT, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe them to be true.

The reason this Verification is made by me and not by plaintiff is that plaintiff is not present in New York County, the County where affirmant maintains his offices.

Dated: December 21, 2016  
New York, New York

MARK L. LUBELSKY AND ASSOCIATES

_____  
Mark L. Lubelsky, Esq.  
Attorneys for Plaintiff Luis Angel Lopez  
123 West 18th Street, 8th Floor  
New York, NY 10011  
(212) 242-7480